UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| LAMARR ROWELL, | Case No. 3:18-cv-00396-MMD-CBC |
|---|---|
| Plaintiff | ORDER |
| v. | |
| JAMES E. DZURENDA, | |
| Defendant | |

Plaintiff, a formerly incarcerated person of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") and has filed an application to proceed *in forma pauperis* for prisoners, a motion for declaratory judgment and a motion for judicial action. (ECF Nos. 1, 1-1, 1-2, 6.) The Court denies the application to proceed *in forma pauperis* for prisoners (ECF No. 1) as moot because Plaintiff is no longer incarcerated. The Court now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and addresses the motions.

I. **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT[1]

In the Complaint, Plaintiff sues Defendant NDOC Director James E. Dzurenda for events that took place while Plaintiff was incarcerated at the Stewart Conservation Camp. (ECF No. 1-1 at 1.) Plaintiff alleges one count and seeks monetary damages and declaratory relief.[2] (*Id.* at 4, 9.)

The Complaint alleges the following. In March 2008, a state court sentenced Plaintiff to life in prison with parole eligibility after serving 10 years. (*Id.* at 4.) On December 14, 2017, the parole board granted Plaintiff parole, effective when eligible. (*Id.*) The NDOC offender management division timekeeper determined that Plaintiff's parole eligibility date ("PED") was March 11, 2018. (*Id.*) The PED ended Plaintiff's 10-year minimum sentence and parole was effective on that date. (*Id.*) Both the grant of parole and its effective date were a protected liberty interest. (*Id.*) Even though Dzurenda lacked the statutory authority to hold Plaintiff in custody past March 11, 2018, Plaintiff remained

---

[1] The Court denies the motion for judicial action (ECF No. 6) as moot in light of this screening order.

[2] The Court interprets Plaintiff's motion for declaratory judgment (ECF No. 1-2) as a request for declaratory relief. The Court denies the motion without prejudice and incorporates the requested relief into the Complaint.

3

in Dzurenda's custody until August 15, 2018. (*Id.*) Plaintiff alleges a Fourteenth Amendment due process violation. (*Id.*)

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Plaintiff's claims implicate *Heck* because he is challenging the duration of his sentence. However, the Court finds that, despite the *Heck* bar, Plaintiff may bring this § 1983 claim because habeas relief is unavailable to Plaintiff because he is no longer incarcerated. *See Nonnette v. Small*, 316 F.3d 872, 875-77 (9th Cir. 2002). The Court will now address Plaintiff's due process claim.

In order to state a Fourteenth Amendment due process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). In Nevada, state prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010); *Fernandez v. Nevada*, No. 3:06-CV-00628-LRH-RAM, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009); *see* NRS § 213.10705 (stating that "[t]he Legislature finds and declares that the release or continuation of a person on parole or probation is an act of grace of

the State. No person has a right to parole or probation . . . and it is not intended that the establishment of standards relating thereto create any such right or interest in liberty or property or establish a basis for any cause of action against the State, its political subdivisions, agencies, boards, commissions, departments, officers or employees"). The Supreme Court has held that, if state law does not create a liberty interest in parole, there can be no liberty interest after a grant of parole. *See Jago v. Van Curen*, 454 U.S. 14, 20-21 (1981) (holding that, even after authorities granted the inmate parole, the inmate did not suffer a due process violation when authorities failed to hold a hearing before rescinding and denying the grant of parole because the state statutes had not created a protected liberty interest for parole).

The Court dismisses the due process claim in its entirety, with prejudice, as amendment would be futile. Plaintiff fails to establish a liberty interest for his due process claim because there is no liberty interest in parole, parole eligibility, or a grant of parole in Nevada. *See Jago*, 454 U.S. at 20-21. As such, Plaintiff cannot state a colorable due process claim.

**III.    CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* for prisoners (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of the Court file the Complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety with prejudice as amendment would be futile for failure to state a claim.

It is further ordered that the motion for declaratory judgment (ECF No. 1-2) is denied without prejudice.

It is further ordered that the motion for judicial action (ECF No. 6) is denied as moot.

///

///

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 21st day of October 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE